IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 19-CR-04065-RK-1 |
| | ) ) ) | |
| LOUGENE THOMAS, JR., | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are two *pro se* motions brought by Defendant Lougene Thomas, Jr.: (1) Motion to Suppress Evidence (the "Motion to Suppress"); and (2) Motion to Request Hearing for Suppression of Evidence (the "Motion for Hearing"). (Docs. 38, 39). The United States has not responded to either motion, but the time to do so has not expired. However, not wishing to delay this matter further, because competent counsel represents Mr. Thomas, the Court recommends denying the Motion to Suppress and denying as moot the Motion for Hearing.

### Findings of Fact

On September 4, 2019, the United States filed a one-count Indictment against Defendant Lougene Thomas, Jr. charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On September 10, 2019, the Court appointed the Federal Public Defender's Office to represent Mr. Thomas. (Doc. 3).

On December 2, 2019, the Federal Public Defender appointed to Mr. Thomas filed a Motion to Withdraw as Counsel (the "Motion to Withdraw"), stating that Mr. Thomas requested the Court to "provide him with alternate counsel, not from the Federal Defender's Office, for the remainder of this case." (Doc. 11). Following a hearing, on December 12, 2019, the Court granted the Motion to Withdraw, allowed the Federal Public Defender to withdraw from representing Mr. Thomas, and appointed Mr. Thomas counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. (Doc. 14).

On June 29, 2020, Mr. Thomas filed a motion requesting that the counsel appointed to him be removed from his case and new counsel be appointed to him (the "Motion for New Counsel").

(Doc. 20). Following a hearing, on July 7, 2020, the Court granted the Motion for New Counsel, terminated Mr. Thomas's appointed counsel from further representing Mr. Thomas, and appointed Mr. Thomas new counsel under the Criminal Justice Act. (Doc. 23). The counsel appointed by the Court on July 7, 2020, currently represents Mr. Thomas.

## Discussion

In the instant Motion to Suppress, Mr. Thomas requests that the evidence against him be presented to the Court and asserts that insufficient evidence exists to support the charges against him.[1] (Doc. 39). In the Motion for Hearing, Mr. Thomas requests a hearing on the pending Motion to Suppress. (Doc. 38). Because competent counsel represents Mr. Thomas, the Court recommends denying the Motion to Suppress and denying as moot the Motion for Hearing.

The United States Court of Appeals for the Eighth Circuit has stated that "[t]here is no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (citations omitted) (italics added); *see also Fiorito v. United States*, 821 F.3d 999, 1003 (8th Cir. 2016) (stating "[a] defendant does not have a constitutional right 'to simultaneously proceed *pro se and* with the benefit of counsel.'" (quoting *Agofsky*, 20 F.3d at 872) (first italics added)). The Eighth Circuit also recognizes that "district courts have discretion to permit 'hybrid representation' arrangements whereby a defendant takes over some functions of counsel despite being represented." *Fiorito*, 821 F.3d at 1003–04 (citing *United States v. Summage*, 575 F.3d 864, 876 (8th Cir. 2009)).

In the instant motions, Mr. Thomas requests the Court hold a hearing, review the evidence against him, and find that insufficient evidence exists to support the charge against him. However, Mr. Thomas continues to be represented by competent counsel. The Court has twice appointed Mr. Thomas new counsel when he has requested it. Here, however, Mr. Thomas has not stated that his current counsel is unable or unwilling to present these arguments to the Court. He also has not requested new counsel. Mr. Thomas has raised no grounds as to why the Court should allow him to engage in hybrid representation by bringing these motions *pro se*, rather than through his court-appointed counsel. The Court, therefore, recommends not allowing Mr. Thomas to engage in hybrid representation and denying the Motion to Suppress on the ground that competent

---

[1] Although the relief Mr. Thomas requests in the Motion to Suppress does not result from a typical suppression motion, the Court interprets this filing as a motion to suppress. It may also be interpreted as a motion to dismiss the indictment. The Court submits this Report and Recommendation in accordance with the requirements set forth in 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

counsel continues to represent Mr. Thomas. *See Fiorito*, 821 F.3d at 1003–04; *Agofsky*, 20 F.3d at 872. The Court also recommends denying as moot the Motion for Hearing. Finally, the Court recommends advising Mr. Thomas's counsel that should counsel believe relief is warranted, he shall file the appropriate motion.

## Conclusion

For the reasons above, Mr. Thomas should not be allowed to engage in hybrid representation by bringing the instant Motion to Suppress and Motion for Hearing *pro se* and the motions should be denied.

IT IS THEREFORE RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Defendant Lougene Thomas, Jr.'s *pro se* Motion to Suppress (Doc. 39) and DENYING AS MOOT the Motion for Hearing (Doc. 38).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 18th day of February, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge